# IN RE PACKARD MOTOR CAR COMPANY.

---

TRADEMARKS; DESCRIPTIVE WORDS.

The words "Twin-Six" as applied to motor vehicles propelled by gasolene motors are descriptive, and are therefore not registerable as a trademark.

No. 1088. Patent Appeals. Submitted January 10, 1917. Decided June 11, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents denying a petition for the registration of a trademark.

*Affirmed.*

The facts are stated in the opinion.

*Mr. John M. Coil* and *Mr. Milton Tibbetts* for the appellant.

*Mr. Wm. R. Ballard* for the Commissioner of Patents.

Mr. Chief Justice COVINGTON, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Chief Justice SHEPARD, delivered the opinion of the Court:

This is an appeal of the Packard Motor Car Company from the decision of the Commissioner of Patents refusing to register the words "Twin-Six" as a trademark for motor vehicles propelled by gasolene motors. The decision of the Commissioner

was in affirmance of the decision of the Examiner of Trade-marks and Designs, refusing registration.

Section 5 of the Trademark Act provides that no mark con-sisting merely of words *"which are descriptive of the goods with which they are used, or of the character or quality of such goods,"* shall be registered under the terms of the act, and the only question before the court on this appeal is whether the words "Twin-Six" as applied to motor vehicles driven by gaso-lene engines are descriptive of the character or quality of such motor vehicles. The contention of the appellant is that the words "Twin-Six" made into a compound word and applied·to a motor vehicle do not indicate definitely any character, and do not describe definitely any quality, of such motor vehicle, but that the words constitute merely a catchy phrase to identify the particular make of cars of the appellant. And much stress is laid in the appellant's brief on the fact that numerals when applied to motor vehicles in referring to them are used for such a variety of purposes as to have no definite meaning.

Whatever may be the lack of definite and descriptive meaning in numerals generally when applied to motor vehicles, it is not at all necessary in this case to consider. The description of a motor vehicle by any one of the particular numbers "Four," "Six" or "Eight" is very definitely understood in the automobile trade. It is understood by both dealers and purchasers that such numbers always describe the number of cylinders present in the gasolene motor of the motor vehicle. One just as cer-tainly knows that a Cadillac "Eight" is a Cadillac motor vehicle with a motor of eight cylinders as one knows that a description of a Cadillac as a *red* Cadillac is intended to convey the idea of a Cadillac painted red. The words "eight" and "red" are equal-ly descriptive, and no one would think of attempting to register either of them as a trademark.

The word "six" when applied to a motor vehicle, as a matter of common knowledge, therefore, means a motor vehicle with a gasolene motor of six cylinders. Consequently, no one would contend that the single word "six" could be trademarked so that the Packard Motor Car Company, the appellant, could have the

exclusive use of the word in the motor vehicle trade and describe its car as the Packard "Six," thereby preventing any other manufacturer of a six cylinder motor vehicle from using the ordinary descriptive word "six" in order to indicate to the trade the fact that his motor vehicle was operated with a gasolene motor containing six cylinders.

The word "twin" has also a definite and clear meaning in the English language. It indicates two, or a pair of similar things or persons. Therefore, when one speaks of a motor vehicle as a "twin-six" the words are generally understood as describing a motor vehicle in which the gasolene motor contains two series of cylinders of six cylinders each.

The Examiner of Trademarks and Designs, in his statement refusing registration of the compound word "Twin-Six" in this case, accurately states the significance of "Twin-Six" as a descriptive term. He says: "The term 'twin' has long been used as a technical term in the field of motive power. The dictionaries, periodicals relating to mechanics, and works relating to motive power, disclose such terms as 'twin engine,' 'twin cylinder,' 'twin screw,' 'twin valve.' The significance of the term in this field is well understood. 'Twin' is defined in the Century Dictionary as two, a pair, a couple, and when applied to mechanics, it is understood to denote two similar mechanisms, intimately united or related in action, and usually symetrically arranged with respect to each other. * * * The question of the descriptiveness of a mark must be considered in the light of its significance to the purchaser, and it is the opinion of the examiner that when a customer purchases a "Twin-Six" automobile, he expects to get one with twelve cylinders placed in two groups of six each, and that if he were to receive a car containing less than twelve cylinders, he would feel that he had been deceived. This is considered to be the acid test as to the descriptiveness of the term."

The decision will be affirmed and this decision certified to the Commissioner of Patents. *Affirmed.*